<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

July 17, 2017

Robert Kosch
#817868A
Northern State Prison
P.O. Box 2300
Newark, NJ 07114
*Plaintiff Pro Se*

Richard P. Cushing, Esq.
Kelly A. Lichtenstein, Esq.
Gebhardt & Kiefer, P.C.
1318 Route 31
P.O. Box 4001
Clinton, NJ 08809
*Attorney for Defendant*

## <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

    Re:    **Kosch v. Reid**
             **Civil Action No. 12-781 (SDW) (LDW)**

Litigants:

    Before this Court is Plaintiff Robert Kosch's ("Plaintiff" or "Kosch") Motion to Reopen and Defendant Charles Reid's ("Defendant" or "Reid") Cross-Motion to Amend the Final Pretrial Order. This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, **GRANTS** Plaintiff's motion and refers Defendant's Cross-Motion to Magistrate Judge Leda D. Wettre.

## **<u>DISCUSSION</u>**

    Plaintiff filed suit against Defendant on February 8, 2012 for alleged civil rights violations pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) One year later, on February 7, 2013, the Sussex County Prosecutor's Office moved to intervene pursuant to Federal Rule of Civil

Procedure 24(b)(1)(B) for the limited purpose of requesting a stay until "such time that the Sussex County Grand Jury is convened and determines whether to issue an indictment against [Plaintiff], and if such an indictment is issued, the stay should be continued until the criminal matter is resolved." (Dkt. Nos. 25-2, 56-3 at 1.) Judge Faith Hochberg, the presiding judge at that time, granted Sussex County's motion and ordered this matter stayed. (Dkt. No. 49.) Judge Hochberg also administratively terminated this matter and granted Plaintiff the right to reopen "after the state criminal charges have been resolved." (Dkt. No. 49 at 3.) Judge Hochberg's Order also noted that if this matter was reopened, "Defendant may renew his request to file dispositive pretrial motions." (*Id.* n.5.)

Plaintiff was subsequently indicted, tried and convicted in state court on offenses including theft of immovable property and trafficking in personal identifying information. *See State v. Kosch*, 133 A.3d 669 (N.J. Super. App. Div. 2016). Plaintiff appealed his convictions and the Appellate Division of the New Jersey Superior Court affirmed all but three of the counts against Plaintiff, determining that he was entitled to "a new trial on the three immovable property counts." *Id.* at 684. The New Jersey Supreme Court denied a petition for certification. *State v. Kosch*, 151 A.3d 972 (N.J. 2016). State prosecutors have indicated that they are not "pursuing complaints, indictments or re-trial relating to the 'theft of immovable property' charges that were remanded by the New Jersey Appellate Division." (Dkt. No. 58-1 at 1-2.)

Because state prosecutors are not retrying Plaintiff on the three remanded charges, the state criminal matter has been resolved for purposes of Judge Hochberg's Order staying this matter. Accordingly, Plaintiff's Motion to Reopen is **GRANTED**. This Court notes, however, that all previously withdrawn claims remain closed. Specifically, Plaintiff may not pursue claims related to the 9 Kings Court property because he previously agreed to waive such claims (Dkt. No. 29), or to alleged defamation by Defendant because Plaintiff previously withdrew that claim (Dkt. No. 24 at 6).

Because Defendant's cross-motion deals with discovery matters, it will be referred to Magistrate Judge Leda D. Wettre for resolution.[1]

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Reopen this matter is **GRANTED**. An appropriate order follows.

   /s/ Susan D. Wigenton     
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
     Leda D. Wettre, U.S.M.J.

---

[1] Plaintiff indicated in his Reply Brief that he intends to move to amend his Complaint. (Dkt. No. 57 at 3.) Should Plaintiff make such a motion, it will be handled by Magistrate Judge Wettre.