NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

May 23, 2018

Tracy B. Bussel, Esq.
Gebhardt & Kiefer, P.C.
1318 Route 31
P.O. Box 4001
Clinton, NJ 08809
*Counsel for Defendant Charles Reid*

Robert Kosch
#817868A
Northern State Prison
P.O. Box 2300
Newark, NJ 07114
*Plaintiff pro se*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

   Re:    Kosch v. Reid
          Civil Action No. 12-781 (SDW) (LDW)

Litigants:

Before this Court is Defendant Charles Reid's ("Reid" or "Defendant") Motion for Summary Judgment against Plaintiff Robert Kosch ("Plaintiff") pursuant to Federal Rule of Civil Procedure 56(a). This Court having considered the parties' submissions,[1] having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, grants Defendant's motion.

## DISCUSSION

   A.  Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an

---

[1] Defendant's reply brief was due on May 14, 2018, but was not filed until May 18, 2018. (Dkt. No. 81.) Because defense counsel did not seek leave to file its reply out of time, it was not considered.

otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23. In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249.

B. <u>Defendant is Entitled to Summary Judgment as There Are no Genuine Issues of Material Fact as to Plaintiff's Claims.</u>

Because this Court assumes the parties' familiarity with the extensive factual and procedural history of this matter, it sets forth only those facts necessary to resolve the pending motion.[2] Defendant is a police officer employed by the Vernon Township Police Department. (Dkt. No. 79-2, 79-5.)[3] In 2011-2012, in the course of his duties, Defendant investigated suspicious activity at three New Jersey residences (the "Property") and turned his findings over to the prosecutor's office. (Dkt. Nos. 79-5 Exs. B, C, D, E; 79-3.) As a result, in or about March, 2013, Plaintiff was charged with multiple counts of theft by deception, falsifying or tampering with records, forgery, and burglary for unlawfully posing as the owner of the Property. (Dkt. No. 79-5 Exs. F, K.) Plaintiff was subsequently tried and convicted of those offenses in state court. (Dkt. No. 61 at 2.)[4]

Prior to his trial, Plaintiff filed suit against Defendant in this Court for civil rights violations pursuant to 42 U.S.C. § 1983 and conspiracy, alleging that Defendant interfered with Plaintiff's rights by telling tenants residing at, and contractors working on, the Property that

---

[2] The procedural history of this matter, including the lengthy stay of these proceedings required by the criminal charges brought against Plaintiff in state court, is set out in this Court's July 17, 2017 Letter Opinion. (Dkt. No. 61.)
[3] Plaintiff did not submit a statement of material facts as required by Local Civil Rule 56.1, therefore, this Court relies on Defendant's statement of the facts and the exhibits attached thereto when referring to the factual background of this matter.
[4] *See State v. Kosch*, 133 A.3d 669 (N.J. Super. App. Div. 2016) and *State v. Kosch*, 151 A.3d 972 (N.J. 2016).

2

Plaintiff did not own the Property. (Dkt. Nos. 1, 9.)[5] On April 25, 2018, Defendant moved for summary judgment, and Plaintiff opposed the motion on May 7, 2018. (Dkt. Nos. 79, 80.)

Section 1983[6] does not itself, create any rights, it merely provides "private citizens with a means to redress violations of federal law committed by state [actors]." *Woodyard v. Cty. of Essex*, 514 Fed. App'x 177, 180 (3d Cir. 2013); *see also Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-07 (3d Cir.1997). To bring a Section 1983 claim, "a [] plaintiff [must] prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011); *Hilton v. Whitman*, Civ. No. 04-6420, 2008 WL 5272190, at *4 (D.N.J. Dec. 16, 2008) (noting that the plaintiff must "identify the exact contours of the underlying right said to have been violated."). To bring a conspiracy claim under Section 1983, Plaintiff must show that "persons acting under color of state law conspired to deprive him of a federally protected right." *Perano v. Township of Tilden*, 423 Fed. App'x 234, 239 (3d Cir. 2011) (noting that "[a]s a threshold matter . . . a § 1983 conspiracy claim only arises when there has been an actual deprivation of a right").

In order to bring a claim alleging a deprivation of a property right under Section 1983, Plaintiff must have a constitutional property right to protect.[7] He does not. There is nothing in the record that indicates that Plaintiff ever had a possessory interest in the Property. Indeed, it shows quite the opposite, as Plaintiff's criminal convictions were predicated on his unlawful and fraudulent attempts to exert ownership over property that belonged to other people. Therefore,

---

[5] Although Plaintiff also asserted a claim for defamation under New Jersey state law, it appears he no longer wishes to pursue it and believes it was withdrawn at some point between June 27, 2012 and June 30, 2012. (*See* Dkt. Nos. 9 (asserting defamation claim), 11 (indicating that only constitutional claims were before the court), 80 (stating that "counts for defamation were withdrawn by my former attorney, Robert DeGroot after the amended complaint was filed on 6/27/12").) Therefore, this Court will treat that claim has having been voluntarily withdrawn and it will be dismissed. Defendant's motion for summary judgment as to that claim is dismissed as moot.

To the extent that such a claim remained, this Court would have declined to exercise supplemental jurisdiction over it. Under 28 U.S.C. § 1367, federal courts may exercise jurisdiction over state law claims, however, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Stehney v. Perry*, 907 F. Supp. 806, 825 (D.N.J. 1995) ("[A] federal district court may decline to exercise its supplemental jurisdiction over state law claims if all federal claims are dismissed."); *Washington v. Specialty Risk Servs.*, Civ. No. 12-1393, 2012 WL 3528051, at *2 (D.N.J. Aug. 15, 2012) (noting that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims") (alterations in original) (citing *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)) (internal citations omitted).

[6] 42 U.S.C. §1983 provides in relevant part:
> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

[7] It is not clear whether Plaintiff is asserting a claim for unlawful taking under the Fifth Amendment or unlawful seizure under the Fourth Amendment. The distinction, however, is irrelevant because Plaintiff cannot assert a claim under either amendment.

because the record presents no genuine issue of material fact regarding ownership of the Property, Plaintiff's Section 1983 and conspiracy claims fail. Defendant's motion for summary judgment will be granted.[8]

**CONCLUSION**

For the reasons set forth above, Defendant's Motion for Summary Judgment is **GRANTED**. An appropriate order follows.

                                              ___/s/ Susan D. Wigenton_____
                                              **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
     Leda D. Wettre, U.S.M.J.

---

[8] Had there been a genuine issue of material fact as to the ownership of the Property, this Court would likely still have granted Defendant's motion on qualified immunity grounds. "The doctrine of qualified immunity shields government officials who perform discretionary functions 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Here, the record shows only that Defendant, in response to complaints raised regarding activities occurring at the Property, looked into those activities, interviewed persons connected to the Property, and reported his findings to the proper authorities – namely, the prosecutor's office. Because there is nothing unlawful about Defendant's conduct, Defendant would be immune from Plaintiff's suit.